United States District Court
Southern District of Texas

**ENTERED**

September 16, 2019

David J. Bradley, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| GITP PROPERTIES I, LTD, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-CV-1947 |
| | § | |
| MATTRESS PAL HOLDING, LLC, D/B/A | § | |
| MATTRESS 1 ONE AND SOS FURNITURE | § | |
| COMPANY, INC., | § | |
| *Defendant.* | § | |

## MEMORANDUM AND RECOMMENDATION

This breach of contract action is before the court on Plaintiff's Motion to Remand, (Dkt. 6), and Defendants' Motion to Transfer Venue (Dkt. 5).[1]  Plaintiff does not oppose transfer of its case against Mattress Pal Holdings, LLC to the United States District Court for the Middle District of Florida, where Mattress Pal's bankruptcy case is pending (Dkt. 6 at 2).  Having reviewed the parties' submissions and the law, the court recommends that Plaintiff's Motion to Remand be granted as to SOS Furniture Company, Inc., and Defendants' Motion to Transfer Venue be granted as to Mattress Pal Holdings, LLC.

### I.    Background

Plaintiff GITP filed this action in state court in May 2018 against Mattress Pal and SOS Furniture alleging breach of a lease agreement by Mattress Pal and liability for the breach under a guaranty of the lease by SOS Furniture.  Approximately one year after GITP filed its state court lawsuit, Mattress Pal filed for bankruptcy protection in federal court in Florida.   The state court denied GITP's subsequent motion to sever the claims against Mattress Pal from those against SOS.

---

[1] The district court referred this matter to this magistrate judge for report and recommendation (Dkt. 7).  Defendants' Motion to Transfer Venue, (Dkt. 4), relates to Civil Action No. 4:19-cv-1913 and was apparently docketed in this case in error.  The plaintiff in Civil Action No. 4:19-cv-1913 has recently filed a voluntary motion to dismiss its claims against SOS Furniture.  Docket entry 4 should be terminated by the clerk as filed in error.

On May 29, 2019, Defendants Mattress Pal and SOS Furniture removed the case to federal court pursuant to 28 U.S.C. § 1334(b) and § 1452(a). Plaintiff now moves to remand its claims against SOS Furniture to state court.

## II.    Analysis

GITP concedes its case against SOS Furniture is "related to" Mattress Pal's bankruptcy proceeding under 28 U.S.C. § 1334(b) and subject to removal under 28 U.S.C. § 1452(a). Dkt. 6 at 5. GITP seeks severance of the claims against Mattress Pal from the claims against SOS, and remand of the claims against SOS to state court.[2] In support of remand, GITP argues: (1) this court must refrain from hearing the claims against SOS under the mandatory abstention provision of 28 U.S.C. § 1334(c)(2); this court should refrain from hearing the claims against SOS under the permissive abstention provision of 28 U.S.C. § 1334(c)(1); and this court should remand the claims against SOS on equitable grounds pursuant to 28 U.S.C. § 1452(b). As set forth below, the Court recommends permissive abstention and equitable remand of the claims against SOS Furniture and transfer to the Middle District of Florida of the claims against debtor, Mattress Pal.

*Mandatory Abstention.* Section 1334(c)(2) provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, ***with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding*** if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

(emphasis added). GITP alleged in its state court petition that it is a Texas limited partnership with its principal place of business in Harris County, Texas; Mattress Pal is a Florida limited liability company doing business in Harris County that can be served through its registered agent

---

[2] "[GITP] does not seek remand of its claims against [Mattress Pal] because those claims can and should be addressed in the Middle District of Florida where the tenant's bankruptcy case is pending." Dkt. 6 at 2.

in Florida; and SOS Furniture is a Florida corporation doing business in Harris County that can be served through its registered agent in Florida.[3] Dkt. 1-1 at 1.  GITP further alleged it had damages of approximately $330,000.00.  *Id.* at 4.  Thus, according to facts alleged by GITP, it could have commenced its breach of contract action in federal court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.

GITP admits the parties are diverse, *see* Dkts. 9, 13, but contends mandatory abstention applies because, due to SOS having waived its right to remove the case by failing to do so within thirty days of service of the state court action as required by 28 U.S.C. § 1446(b)(1), diversity jurisdiction no longer exists.  However, the thirty-day provision of § 1446(b)(1) is a procedural rule that does not defeat subject matter jurisdiction.  *Barnes v. Westinghouse Elec. Corp.*, 962 F.2d 513, 516 (5th Cir. 1992) (untimely removal is a procedural defect that does not go to subject matter jurisdiction (citing *Baris v Sulpicio Lines, Inc.*, 932 F.2d 1540, 1544) (5th Cir. 1991)); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 457 (5th Cir. 1998) (citing *Williams v. AC Spark Plugs Div. of Gen. Motors Corp.*, 985 F.2d 783, 787 (5th Cir. 1993) for proposition that all objections to removal other than lack of subject matter jurisdiction are procedural).  GITP could have *commenced* this action in federal court based on diversity jurisdiction.  Therefore, § 1334(c)(2) does not apply in this case because in addition to "related to" bankruptcy jurisdiction under 28 U.S.C. § 1334(b), diversity jurisdiction would have allowed GITP to commence the case in federal court.  *Cf. Edge Petroleum Operating Co. v. GPR Holdings LLC (In re TXNB Internal Case)*, 483

---

[3]A public records search confirms that SOS Furniture Company, Inc. is a Florida corporation with its principle place of business in Florida. *See* http://search.sunbiz.org/Inquiry/CorporationSearch/GetDocument?aggregateId=domp-p02000023906-66cf32f4-b026-4db2-a567-ed4cc3e5843b&transactionId=p02000023906-f7a105ab-59ff-42e2-96fb-723ffb125cf9&formatType=PDF (last visited September 13, 2019).

F.3d 292, 299-300 (5th Cir. 2007) (motion to abstain denied where federal court supplemental jurisdiction existed).[4]

> ***Permissive Abstention and Equitable Remand***.  The permissive abstention doctrine is set forth in 28 U.S. C. § 1334(c)(1):

> > [N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

*See In re O'Connor Int'l, Inc.*, 174 F. App'x 209, 212 (5th Cir. 2006) ("Section 1334(c)(1) gives district courts discretion to abstain from hearing "related to" cases in the interests of justice, comity with state courts, or respect for state law.").  The doctrine of equitable remand, which GITP calls equitable abstention, is found in 28 U.S.C. § 1452(b):

> > The court to which [a case related to a bankruptcy case] is removed may remand such claim or cause of action on any equitable ground.

> Sections 1334(c)(1) and 1452(b) provide independent bases for remand, but courts consider the same factors in analyzing the two statutes.  *WRT Creditors Liquidation Tr. v. C.I.B.C. Oppenheimer Corp.*, 75 F. Supp. 2d 596, 603 n.1 (S.D. Tex. 1999).  The Fifth Circuit identified eight relevant factors in *Browning v. Navarro*, 743 F.2d 1069, 1076 n.21 (5th Cir. 1984), which addressed equitable remand under § 1452(b):  (1) forum non conveniens; (2) a finding that the entire action should be tried in one court; (3) a finding that the state court is better able to respond to questions involving state law; (4) expertise of a particular court; (5) duplicative and "uneconomic effort of judicial resources in two forums"; (6) prejudice to the involuntarily removed parties; (7) comity considerations; and (8) avoiding the possibility of inconsistent results.  *Id.* Bankruptcy Courts in the Southern District of Texas have considered additional factors in the

---

[4] Because the existence of diversity jurisdiction is dispositive, the court does not address Defendants' argument that supplemental jurisdiction under 28 U.S.C. §1367 also exists.

evaluation of equitable remand, including the presence of non-debtor parties; the degree of relatedness or remoteness to the main bankruptcy case; whether the case involves forum shopping; and the burden on the bankruptcy court's docket. *See In re Treyson Development, Inc.* Case No. 14-70256, 2016 WL 1604347 at *18-19 (Bankr. S.D. Tex. Apr. 19, 2016) (citing *In re Ciclon Negro, Inc.*, 260 B.R. 832, 837 (Bankr. S.D. Tex. 2001) and *Ramirez v. Ramirez*, 413 B.R. 621, 632-33 (Bankr. S.D. Tex. 2009)). Although equitable remand is expressly a broader doctrine than permissive abstention ("any equitable ground" vs. interest of justice, comity, or respect for state law), the two concepts clearly overlap, or as GITP puts it, they are "kindred statutes." Dkt. 6 at 8; *see also In re Scanware, Inc.* 411 B.R. 889, 897 (S.D. Ga. 2009) ("Discretionary abstention and equitable remand are "kindred statutes."). The Court's exercise of discretion under either § 1452(b) or § 1334(c)(1) is not subject to appellate review. 28 U.S.C. §§ 1334(d); 1452(b); *In re Southmark Corp.*, 163 F.3d 925, 929 (5th Cir. 1999) ("For bankruptcy cases commenced after the 1994 amendments to the bankruptcy law, decisions either to abstain or not to abstain are not, with very limited exceptions, reviewable on appeal.").

Comity considerations favor remand of GITP's claims against the non-debtor defendant. GITP's claims against SOS Furniture are strictly matters of state law. As GITP notes, "there is no difficulty with or any unsettled nature of the applicable state law." Dkt. 6 at 7. The state court is familiar with this case because prior to removal, it had been pending in state court for over a year, was set for trial on July 1, 2019, the state court had considered and denied Plaintiff's fully briefed Motion for Summary Judgment, and the state court had issued other orders in the case. *See* Dkt. 1-1 – 1-6 (Exhibits to Notice of Removal). The state court is well-equipped to handle issues of state law, and nothing prevents the state court from handling this case in a timely manner. *See In re Horn*, 264 B.R. 848, 850 (Bankr. E.D. Tex. 2001) (remanding a case by commercial lessor against lessee and non-debtor guarantors of lessee after one guarantor filed bankruptcy because

"all controversies before this Court in this adversary proceeding can be resolved in the Texas Court and the Texas Court is eminently capable of dealing with the issues raised in the Texas Court action.").

Moreover, while this Court has not formed an opinion on the merits of the underlying action, GITP alleges that "[t]he express terms of the Guaranty [ ] gave GITP an entirely separate and independent claim against Guarantor in the event Guarantor ever breached its obligations under the Guaranty." Dkt. 6 at 3. While GITP's claim is sufficiently related to Mattress Pal's bankruptcy proceeding for jurisdictional purposes under § 1334(c), it is not so strongly related as to warrant retention of the state law claims against a non-debtor. *See Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co.*, 130 B.R. 405, 407-08 (Bankr. S.D.N.Y. 1991) (remanding state claims where their only connection to the bankruptcy case is that the claims asserted were possible assets of the bankruptcy estate).

Finally, the removal and transfer to Florida of Plaintiff's state law claims would make it more burdensome for Plaintiff to litigate its claims against SOS Furniture, a defendant that is not a party to the Florida bankruptcy proceeding. Plaintiff, a Texas resident, chose Texas as the forum for its state court lawsuit against SOS Furniture. Requiring Plaintiff to litigate its claims against SOS Furniture in Florida would increase the expense and further delay resolution of the state law claims which were set for a state court trial in July 2019. Weighing the relevant factors, the Court concludes that equitable grounds favor remand of GITP's case against SOS Furniture.

GITP also seeks an award of costs and fees under 28 U.S.C. §1447(c).[5] An award for fees and costs for improper removal is a matter of discretion. *Garcia v. Amfels, Inc.*, 254 F.3d 585, 587

---

[5] The fee provision of § 1447(c) applies to removal under §1452(a). *See In re Help at Home, Inc.*, 289 B.R. 910, 912 (Bankr. N.D. Ill. 2003) ("While bankruptcy matters are removable under 28 U.S.C. § 1452 rather than § 1447, weight of authority holds that the possibility of allowing fees under § 1447(c) applies to remands from § 1452 removals as well as from removals under § 1446." (citing *Things Remembered Inc. v. Petrarca*, 516 U.S. 124, 129 (1995)).

(5th Cir.2001).   The Supreme Court has explained that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.   Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005).   Defendants' removal of this action was not objectively unreasonable; it was based on a good faith argument under §1452(a).   No unusual circumstances justify an award of fees in this case.   Therefore, the Court recommends denial of GITP's request for fees and costs.

## III.     Conclusion and Recommendation

For the reasons discussed above, the court recommends that GITP's Motion to Remand (Dkt. 6) be **GRANTED** as to its claims against SOS Furniture Company, Inc., but the associated request for attorneys' fees be **DENIED**.   The court further recommends that Defendants' Motion to Transfer this case to the United States Bankruptcy Court for the Middle District of Florida (Dkt. 5) be **GRANTED** as to its claims against Mattress Pal Holdings LLC.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on September 16, 2019, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge